**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**Case No. 1:15-cv-455-RBW**

TERRYLENE SACCHETTI, individually and
ROBERT MANGANELLI, individually and as
co-personal representatives of the Estate of GIANNI
MANGANELLI,

       Plaintiffs,

vs.

GALLAUDET UNIVERSITY and the
DISTRICT OF COLUMBIA,

       Defendants.

_____/

_____

**PLAINTIFFS' SURREPLY**
**IN SUPPORT OF OPPOSITION TO THE DISTRICT'S**
**MOTION FOR SUMMARY JUDGMENT**
_____

Justin D. Grosz
Washington D.C. Bar No. 1018414

As to the claim that the District of Columbia failed to reasonably accommodate Gianni Manganelli's mental illness, Plaintiffs Terrylene Sacchetti and Robert Manganelli, individually and as co-personal representatives of the Estate of Gianni Manganelli, their deceased son, hereby respectfully submit their Surreply, limited to discrete issues raised in the District's reply [DE 95], which, at its core, contends that no disputed fact can exist, here, because District police officers (i) denied knowledge and (ii) could not understand sign language.

It is axiomatic that a denial of knowledge does not serve as the definitive evidence as to whether knowledge existed.  Particularly, where, as here, the Plaintiffs have cited to record evidence that the District was on notice, even before arriving at the dorm, that Gianni Manganelli's behavior was strange and might need medical intervention; the District officers witnessed what others described as a disconnected and flat affect; the District officers were present when Gianni's roommate reported that Gianni suffered from a mental illness; the District officers were standing at the room when DPS searched Gianni's room for "bipolar" medication; DPS testified that it informed the District of everything it knew; and District officers were present when Morgan[1] expressed her concerns about Gianni's mental health.  Denial of knowledge, in the face of evidence to the contrary, is precisely the type of evidence which ought to be left for a jury to weigh.

The District then, for the first time, contends that the Plaintiffs' argument "rests on the unsupported assumption that the MPD officers could understand what Opie,[2] the DPS officers and Morgan were saying to each other" and that "[t]here is no evidence that Morgan would have used spoken English to communicate with DPS officers, especially where, as here, one of the officers

---

[1] Reference to Adrienne Morgan, the Coordinator of Residential Education who had advised DPS, hours before the arrest, of Gianni's bizarre behavior and need for a welfare check.
[2] Reference to Spencer Opie, Gianni Manganelli's roommate.

could not speak English." [DE 95, at p. 9] The District goes as far as to say *"no reasonable jury could conclude that the MPD officers who do not use ASL would have understood what Opie or Morgan said to the DPS officers using ASL"* and *"no reasonable jury could conclude that the MPD officers' mere presence at the scene allowed them to interpret statements in a language they did not understand."* [DE 95, at p. 9, 11]. The District's position is in stark contrast to the record, as Kalina Johnson, the Resident Assistant who witnessed the events firsthand, testified that DPS "used Adrienne [Morgan] as the interpreter" with MPD and that "Adrienne [Morgan] stood there talking to MPD. She wasn't signing. She was talking."  (Ex. B, at 61:7-62:3). Thus, the claim that MPD was wholly unaware of anything that transpired in the hallway because their officers do not sign is belied by the testimony of an eye witness who has stated that they were, in fact, all communicating with each other.

Further, as the District originally argued that it's decision to arrest Gianni was in reliance upon information provided by DPS, it defies logic for the District to now disavow knowledge of Gianni's mental illness because they didn't have the ability to understand DPS.  Are we to accept that the District had enough understanding to warrant arrest but had no understanding where such knowledge would evidence a violation of the ADA? Respectfully, the record sets forth facts sufficient to demonstrate the District's knowledge, and at a minimum, demonstrate a materially disputed issue.

WHEREFORE, the Plaintiffs respectfully maintain that the District's Motion for Summary Judgment as to the failure to accommodate Gianni Manganelli's mental illness be denied.

DATED:  December 19, 2018                  Respectfully submitted,

/s/ Justin D. Grosz
Justin D. Grosz
Washington D.C. Bar No. 1018414
THE JG FIRM LLC
*Counsel for the Plaintiffs*

DCOTA | Design Center of the Americas
1855 Griffin Road, Suite C-470
Dania Beach, Florida 33004
justin@thejgfirm.com
marisela@thejgfirm.com
Telephone: (305) 571-8550
Facsimile (305) 571-8558

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 19, 2018 I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record, including, to:

Cara J. Spencer
Alex Karpinski
Assistant Attorneys General
OFFICE OF THE ATTORNEY GENERAL
441-4th Street, NW
6th Floor South
Washington, D.C. 20001
cara.spencer@dc.gov
Alex.Karpinski@dc.gov
*Counsel for the District of Columbia*

Jason R. Waters
WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
8444 Westpark Drive, Suite 510
McLean, Virginia 22102-5102
(703) 245-9300
(703) 245-9301
Jason.Waters@wilsonelser.com
*Counsel for Gallaudet University*

/s/ *Justin D. Grosz*
Justin D. Grosz